

COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER ON MOTIONS

Appellate case name:         Mark F. Hanks v. The Huntington National Bank

Appellate case number:    01-15-00188-CV

Trial court case number:    1056196

Trial court:                         County Civil Court at Law No. 4 of Harris County

On February 25, 2015, appellant, Mark F. Hanks, timely filed a notice of appeal from the county court's final judgment, signed on February 23, 2015, granting appellee, The Huntington National Bank, possession in this forcible detainer case. *See* TEX. R. APP. P. 26.1. After the reporter's record was filed on May 27, 2015, and the clerk's record was filed on May 28, 2015, the appellate record was complete, setting the deadline for appellant's brief on June 26, 2015. *See id.* at 38.6(a). On August 31, 2015, the Clerk of this Court granted appellant's third extension of time to file his appellate brief until September 10, 2015, but warned counsel that no further extensions would be granted.

On September 10, 2015, appellant filed a "Fourth Motion for Extension of Time to File Appellant's Brief and to Correct Reporter's Record." Appellant's counsel contends that he just recently reviewed the reporter's record and noticed two alleged inaccurate transcriptions of one statute at issue, the "Protecting Tenants at Foreclosure Act of 2009" ("PTFA"). Appellant claims that he needs time either to convince appellee's counsel to agree to correct these and other inaccuracies or else to seek an abatement for the trial court to hold a hearing to settle the dispute. *See* TEX. R. APP. P. 34.6(e)(1), (2). Thus, appellant requests that his brief be due within three days of the date on which either the parties file their agreed-upon corrections to the reporter's record or any certified corrections to the reporter's record by the trial court are filed.

Under Rule 34.6, if the parties cannot agree over whether or how to correct the reporter's record, "the trial court *must*—after notice and hearing—settle the dispute." TEX. R. APP. P. 34.6(e)(2) (emphasis added). However, if the alleged dispute over the accuracy of the reporter's record "arises *after* the reporter's record has been filed in the appellate court," as here, this Court "*may* submit the dispute to the trial court for

resolution," but this Court is not required to do so. TEX. R. APP. P. 34.6(e)(3) (emphasis added). Because the reporter's record was filed on May 27, 2015, appellant had ample time to review that record for accuracy. Furthermore, any alleged inaccuracy in the reporter's record referring to a different statute instead of the PTFA is a question of law because appellant can raise it in his appellate brief, not a question of fact that may require correction.

Accordingly, appellant's "Fourth Motion for Extension of Time to File Appellant's Brief and to Correct Reporter's Record" is **denied**. If appellant fails to file his appellate brief within **10 days** of the date of this Order, his appeal may be subject to dismissal for want of prosecution. *See* TEX. R. APP. P. 42.3(b), (c).

It is so ORDERED.


Judge's signature: /s/ <u>Evelyn V. Keyes</u>
☒ Acting individually    □ Acting for the Court

Date: September 24, 2015

2